## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia, etc.

v.

Smoky Mountain Secrets, Inc., et al.

July 19, 1996

Case No. HG-162-1

BY JUDGE MELVIN R. HUGHES, JR.

In this proceeding, the Commonwealth of Virginia has sought to have the court impose certain civil penalties under the Virginia Solicitation of Contributions (VSOC) statutes and other laws on Smoky Mountain Secrets, Inc. (Smoky Mountain) for alleged illegal conduct in the defendant's telemarketing activities. Before the court determines whether the evidence adduced in a four day trial in April amounts to any such violations, a question of the constitutionality of the VSOC statute has been raised by Smoky Mountain which must be determined beforehand.

The issue is framed by a recent ruling in *Special Programs, Inc. v. Couter, etc.*, Civil Action No. 3: 95 CV 609 (E.D. Va. April 15, 1996) (Amended Memorandum Opinions) in federal court. There, the plaintiff, Special Programs, Inc., a similarly situated telemarketing entity like Smoky Mountain received a ruling that the exemption of labor unions and trade associations from the definition of "charitable organizations" found in § 57-48 of VSOC is unconstitutional. The federal court, using a strict scrutiny test because of the first amendment implications involved in telephone telemarketing solicitations activity and finding that no compelling governmental interest in classifying labor unions and trade associations out of the regulatory scheme had been shown, declared the VSOC exemption unconstitutional and permanently enjoined its enforcement. However,

the court stopped short of declaring the whole of VSOC unconstitutional. Rather, relying on § 1-17.1, a severability provision in the Code of Virginia, the court only enjoined the enforcement of the exemption of labor unions and trade associations.[1] Now, here, given that the exemption has been found to be unconstitutional, the issue is whether the exemption is severable without declaring the whole of VSOC unconstitutional. This court answers the question in the affirmative.

Statutes are presumed constitutional, and they are to be interpreted to avoid declaring them unconstitutional. *Working Waterman's Ass'n v. Seafood Harvesters, Inc.*, 227 Va. 101 (1984). When a statute contains a severability provision as here in § 57-48, the act is presumed severable and the burden of proving non-severability is on the adversary of the legislation. *Board of Supervisors v. Rowe*, 216 Va. 128 (1975). Moreover, the inquiry must proceed considering § 1-17.1 which speaks to severability generally:

> The provisions of statutes in this code or the application thereof to any person or circumstances which are held invalid shall not affect the validity of other statutes, provisions or applications of this code which can be given effect without the invalid provision or applications. The provisions of all statutes are severable unless (i) the statute specifically provide that its provisions are not severable; or (ii) it is apparent that two or more statutes or provisions must operate in accord with one another.

In its argument Smoky Mountain advanced that the exemption for labor unions and trade associations is not severable due to legislative intent. It also relies heavily on *Heublein, Inc. v. Alcoholic Beverage Control Dept.*, 237 Va. 192 (1989). Smoky Mountain proffered a number of actions taken by the General Assembly studying charitable solicitations from 1987 onward resulting in the reenactment of VSOC with the exemption still in place. Smoky Mountain contends that these actions evince a legislative intent that the exemption is integral to the whole of the statute and that the statute cannot stand without it. Thus, Smoky Mountain contends, all of VSOC is unconstitutional and unenforceable in this proceeding.

---

[1] The Virginia General Assembly has deleted the exemption from the definition of "charitable organization" during its most recent session. The change went into effect on March 31, 1996.

"The rule is that an act may be valid in one part and invalid in another, and if the invalid is severable from the remainder, that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent; and only if the void portion is the inducement to the passage of the act, or is so interwoven . . . is the whole statue invalid." *Strawberry Hill Land Corp. v. Stanbuck*, 124 Va. 71, 77 (1918). In *Heublein*, the plaintiff brought suit against the Virginia Department of Alcoholic Beverage Control claiming a portion of the Virginia Wine Franchise Act, § 4-110.21 et seq. was unconstitutional. The court held that the exemption for Virginia farm wineries which do not sell more than 18,000 liters of wine to any one wholesaler in one year, is a violation of the Commerce Clause because it discriminates against out of state wineries. Having so found, the question for the court then was whether the Legislature would have passed the Act without the exemption. *Id.* at p. 199. After discussing that severance is ultimately a matter of legislative intent the court observed:

> If we should sever the invalid provisions, we are confronted by two choices. One, we can sever only that portion of the Act effectively limiting the exemption to Virginia farm wineries. If so, we thereby expand the exemption to exempt Virginia and non-Virginia commercial wineries if they sell no more than 18,000 liters of wine to any wholesaler in any one year, contrary to an express legislative intent to include such wineries within the coverage of the Act. Or, two, we can invalidate the entire exemption. If we do that, we subject Virginia Farm wineries to the provisions of the Act in the face of the General Assembly's express contrary intent. This application of the Act will, as the trial court found, severely alter the Virginia farm wineries' right to contract, thereby imposing substantial and burdensome restrictions upon a group the General Assembly clearly intends to promote.

Finding that the contested exemption was inextricably intertwined in the statutory scheme regulating wineries, the court decided it could not sever the exemption and leave the statute as it was intended. To limit its finding to just the exemptions, the court found, would do violence to legislative intent by benefitting some groups and burdening others, when the General Assembly clearly intended to promote some such groups as opposed to others. Here, a limited application of unconstitutionality would not serve

to burden or promote one group of charitable organizations over others because the elimination of the exemption of labor unions and trade associations would bring all defined charitable organizations' solicitation activities under the same regulatory scheme equally without distinction. While it is clear that severance expands the regulatory and penalty provisions of VSOC to entities the General Assembly clearly intended to exempt, the regulations would apply to all, alike, across the board, consistent with legislative intent to regulate solicitations by all charitable organizations, labor unions and trade associations included. The strongest reason to permit only severance is the recent amendment to the statute removing the exemption. This action demonstrates that severance can be done consistent with the intent of the Legislature to regulate all charitable organizations in their solicitations.

For these reasons the court finds the exemption for labor unions and trade associations as not charitable organizations as defined is unconstitutional. The court will restrict this finding to only that exemption without declaring the whole of VSOC constitutionally infirm.